## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WASHINGTON-BALTIMORE NEWS GUIID, LOCAL 32035,** | |
| **1225 I Street NW** **Washington, DC 20005,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. _____** |
| **THE WASHINGTON POST,** | |
| **1301 K Street NW** **Washington, DC 20071,** | |
| **Defendant.** | |

### COMPLAINT TO COMPEL ARBITRATION

Plaintiff Washington-Baltimore News Guild, Local 32035 ("Guild" or "Union"), by its undersigned counsel, files this Complaint to Compel Arbitration against defendant The Washington Post ("Post") under Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a). In support of its Complaint, the Guild alleges as follows:

1. This is an action to compel separate arbitrations of two separate grievances under the terms of the parties' latest collective bargaining agreement.

2. This Court has jurisdiction of this proceeding pursuant to Section 301(a) of the LMRA, 29 U.S.C. §185(a), and 28 U.S.C. §§1331 and 1337.

3. Venue lies within the jurisdiction of this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. §185(a). Plaintiff Guild and Defendant Post both have their principal offices located within this judicial district.

4. Plaintiff Washington-Baltimore News Guild, Local 32035 is a labor organization that represents employees for the purposes of bargaining, including employees of Defendant Post. Plaintiff Guild is a labor organization within the meaning of Section 2(5) of the Labor Management Relations Act, 29 U.S.C. §152(5).

5. Defendant The Washington Post is an employer that publishes, *inter alia, The Washington Post* newspaper. The Post is an employer within the meaning of Section 2(2) of the LMRA, 29 U.S.C. §152(2).

6. Plaintiff Guild has represented a bargaining unit of employees of the Post for decades, and under a series of collective bargaining agreements. The latest collective bargaining agreement is the agreement effective July 13, 2018, and one which, by a separate Memorandum of Agreement, was extended by the parties to June 30, 2022. A copy of the 2018 agreement is attached as Exhibit 1(a), and the Memorandum of Agreement attached as Exhibit 1(b). Both agreements are collectively referred to herein as the "collective bargaining agreement." The collective bargaining agreement expired on June 30, 2022. The parties are negotiating a successor agreement.

7. The collective bargaining agreement between the parties contains a grievance and arbitration provision to address and, as needed, resolve disputes between the parties related to "an alleged violation of a specific provision of this Agreement, including a controversy over any form of discipline…." Ex. 1(a), Article XXIII, p. 52. Article XXIII sets forth a three-step

grievance procedure, with the third step consisting of a "final and binding" decision from a mutually selected arbitrator.

8. Article X of the collective bargaining agreement sets forth "Job Security" for bargaining unit employees. Those provisions provide that employees may not be "discipline[d], suspend[ed] or discharge[d]" without "just cause," and, further, that "[n]o employee shall be discharged except for good and sufficient cause."  Ex 1(a), pp. 25, 26.

9.  Paul Farhi has been employed by the Post as a staff writer since May 16, 1988. Farhi has been a financial reporter, a political reporter, and a reporter for the Style section. Since about 2010, Farhi has covered the news media for the Post's Style section.

10. On or about March 10, 2022, the Post, through Tracy Grant, Managing Editor for Staff Development and Standards, and Krissah Thompson, Managing Editor of Diversity and Inclusion, issued a five-day disciplinary suspension without pay to Farhi. The Post claimed that Farhi "jeopardized the safety of a colleague as well as the ability of The Washington Post to report in a foreign country" for accurately reporting internal Post news in the course of his duties as a media reporter. Farhi and the Guild promptly protested the suspension as without just and sufficient cause. A copy of the Guild's March 14, 2022, grievance, transmitted to John B. "Jay" Kennedy, the Post's Vice President, General Counsel and Labor, from Guild Local Representative Evan Yeats, is attached as Exhibit 2.

11. The Guild advanced the grievance over Farhi's suspension through the first and second steps of the grievance procedure without any resolution by the parties. When the Post failed to issue a written response after the Step 2 meeting, the Guild invoked its right under Article XXIII to have the grievance submitted to, and decided by, an arbitrator. By email from

Yeats on July 15, 2022, the Guild notified the Post that it is submitting the grievance to arbitration. A copy of Yeats' July 15, 2022, message to Kennedy is attached as Exhibit 3.

12. Thereafter, the Post, through its counsel, informed Guild counsel on August 9, 2022, that the Post believes the grievance is not arbitrable and, thus, it will not select an arbitrator or arbitrate the case on the ground that the collective bargaining agreement has now expired. A copy of Post counsel's email of August 9, 2022, is attached as Exhibit 4. Post counsel cited a portion of Article XXIII(6) which begins with the phrase "[d]uring the term of this Agreement or any extension thereof," language, which according to the Post, forecloses arbitration of grievances after the expiration of the contract. However, Article XXIII(6) does not relieve the Post from its contractual obligation to arbitrate grievances filed prior to expiration. The language states, in full:

> During the term of this Agreement or any extension thereof, the grievance and arbitration procedures of the Agreement shall be the sole and exclusive means of settling any and all alleged violations of any specific provision of the Agreement, except as otherwise provided in the Agreement. While the parties favor arbitration of all disputes concerning this Agreement and the employees covered by this Agreement, this Section shall not be deemed to preclude either party or any employee from exercising their respective rights to seek judicial or administrative relief concerning equal employment opportunity, occupational safety and health, the Fair Labor Standards Act, the National Labor Relations Act, or other laws governing employment relations or employment. Accordingly, the Publisher shall not engage in any lockout, nor shall either the Guild or any employees covered by this Agreement engage in any strike or sympathy strike (other than a by-line strike), work stoppage, slowdown, concerted refusal to work or other interference with or stoppage of work; however, to the extent provided by law, Guild-covered employees may continue to engage in legally protected, concerted activities, e.g., signing a petition or distributing leaflets.

Ex. 1(a), p. 54.

13. The Post has unlawfully refused and unlawfully continues to refuse to submit the Farhi grievance to final and binding arbitration in violation of its contractual and legal

obligations to the Guild. In so doing, the Post has repudiated its contractual obligations in violation of Section 301 of the LMRA.

WHEREFORE, the Guild prays that this Court:

- Declare that the grievance over the suspension of Paul Farhi is substantively arbitrable under the terms of the expired collective bargaining agreement;

- Order that the Post submit to the selection of a mutually agreeable arbitrator and to final and binding arbitration over the Farhi grievance;

- Award the Guild reasonable attorney's fees and costs of this action, and

- Grant such other and further relief as this Court deems just and proper.

COUNT TWO

14. Plaintiff incorporates and re-alleges the averments contained in paragraphs 1-13 above as if set forth herein.

15. Felicia M. Sonmez commenced her most recent employment with the Post on or about June 18, 2018, as a staff writer, and she served as a reporter on the Post's breaking political news team. Sonmez's news beat included covering breaking news from the White House, Congress, and campaigns.

16. By email transmitted June 9, 2022, from Wayne Connell, the Post's Chief Human Resource Officer, Sonmez was notified that the Post was terminating her employment, effective immediately. A copy of a letter from Connell is attached as Exhibit 5.

17. On June 15, 2022, the Guild, through Local Representative Yeats, filed a grievance on behalf of Sonmez to challenge the dismissal as a violation of her rights to job security under

the terms of Article X of the collective bargaining agreement. A copy of the Step 1 grievance is attached as Exhibit 6. By email dated June 16, 2022, Yeats advanced the grievance to Step 2 of the grievance procedure. A copy of the June 16, 2022, email is attached as Exhibit 7.

18. By letter dated July 1, 2022, the Post's General Counsel and Vice President for Labor Kennedy transmitted a letter to Yeats regarding the grievance and the Guild's information request. A copy of the letter is attached as Exhibit 8.

19. The parties held a Step 2 meeting on the Sonmez grievance on July 15, 2022.

20. On August 1, 2022, with the Guild having not received a written response to the grievance under Step 2 of the grievance procedure, Yeats notified Kennedy by email that the Guild was submitting the grievance to final and binding arbitration. A copy of the Guild's notice is attached as Exhibit 9.

21. On August 2, 2022, the Guild, through counsel, notified Post counsel that, pursuant to the collective bargaining agreement, the parties were to select an arbitrator and schedule a hearing with regard to the Sonmez grievance. By email of August 15, 2022, Post counsel notified Guild counsel that the Post believes the grievance is not arbitrable and, thus, it will not select an arbitrator or arbitrate the grievance on the ground that the collective bargaining agreement expired June 30, 2022. As with the Farhi grievance, the Post rests its arbitrability claim on the language of Article XXIII(6). A copy of the exchange between counsel is attached as Exhibit 10.

22. The Post has unlawfully refused and unlawfully continues to refuse to submit the Sonmez grievance to final and binding arbitration in violation of its contractual and legal obligations to the Guild. In so doing, the Post has repudiated its contractual obligations in violation of Section 301 of the LMRA.

WHEREFORE, the Guild prays that this Court:

6

- Declare that the grievance over the termination of Felicia Sonmez is substantively arbitrable under the terms of the expired collective bargaining agreement;

- Order that the Post submit to the selection of a mutually agreeable arbitrator and to final and binding arbitration over the Sonmez grievance;

- Award the Guild reasonable attorney's fees and costs of this action, and

- Grant such other and further relief as this Court deems just and proper.


Respectfully submitted,


/s/ Robert E. Paul (194787)
Law Offices of Robert E. Paul, PLLC
1025 Connecticut Avenue NW, Suite 1000
Washington, DC 20036
(202) 857-5000
(202) 327-5499 fax
rpaul@robertepaul.com

Attorneys for Washington-Baltimore News Guild