# EXHIBIT 8



# The Washington Post

**1301 K STREET, N. W.**

WASHINGTON, D. C.  20071

**(202) 334-6000**

JOHN B. KENNEDY
VICE PRESIDENT / GENERAL COUNSEL & LABOR
(202) 334-7869
FAX: (202) 334-5075
jay.kennedy@washpost.com

July 1, 2022

*VIA ELECTRONIC MAIL*

Evan Yeats
Washington-Baltimore News Guild
Local 32035
1225 Eye Street, N.W., Suite 300
Washington, D.C. 20005

> Re:   Termination of Felicia Sonmez

Dear Evan:

I write in response to your email of June 15, invoking Step One of the grievance process over the termination of Felicia Sonmez, and your follow-up email of June 16, moving the grievance to Step Two and requesting the scheduling of a grievance meeting.

With respect to the grievance meeting, please let us know when the Guild is available to meet the week of July 11, 2022.

With respect to the Guild's request for information, I am enclosing (i) Ms. Sonmez's personnel file; (ii) a copy of the "Tuesday message" referenced in Ms. Sonmez's termination letter; and (iii) a copy of The Post's revised newsroom social media policy, effective June 30, 2022, as well as a copy of the now-superseded version.  Your request for all communications about revisions or enforcement of the social media policy is overbroad and unduly burdensome, although

July 1, 2022
Page 2

I'd be happy to discuss with you a more narrow request.  Finally, I have enclosed a copy of The Post's anti-discrimination and harassment policies, and the company-wide social media policy, which along with our newsroom social media policy and Sally's Tuesday, June 7, 2022 message comprise The Post's written standards on workplace collegiality and inclusivity.

The Guild also requested evidence and information about six categories of misconduct that supported Ms. Sonmez's termination.  Each of the categories refers principally to certain activity by Ms. Sonmez on Twitter between the dates of June 3 and June 9, 2022.  Many of the tweets, retweets, and reactions/responses fall into multiple of these categories (*e.g.*, both insubordination and maligning coworkers online).  The Twitter activity also must be viewed as a whole—a course of conduct that amounted to a campaign of insubordination, disparagement of colleagues, and baseless derision toward The Post and its policies—not a series of discrete, unrelated acts.  I am enclosing an illustrative (but not exhaustive) set of this activity.  I will also provide you early next week with related records reflecting the harm that Ms. Sonmez's conduct caused to The Post, including related internal messages from Ms. Sonmez, complaints from her colleagues, and records reflecting her failure to complete her work assignments during the period when she was preoccupied with this Twitter campaign.

In addition to the above, The Post reserves the right to submit evidence from the public record reflecting the harm caused to the institution and its reputation by Ms. Sonmez's activities.

Sincerely,

Jay Kennedy