IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON-BALTIMORE NEWS GUILD, LOCAL 32035,<br><br>　　*Plaintiff*,<br><br>v.<br><br>THE WASHINGTON POST,<br><br>　　*Defendant*. | Civ. No. 1:22-02484 (CKK) |

**DEFENDANT'S ANSWER
TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant The Washington Post ("The Post") hereby files this Answer to Plaintiff's Complaint (ECF 1). Any allegation not explicitly admitted is denied.

In response to the unnumbered introductory paragraph of the Complaint, The Post admits that Plaintiff seeks to compel arbitration under Section 301(a) of the Labor Management Relations Act ("LMRA"), and denies any remaining allegations contained in this introductory paragraph.

1.　In response to Paragraph 1 of the Complaint, The Post admits that this action seeks to compel arbitration of two grievances under the parties' expired collective bargaining agreement. The Post denies that either grievance is arbitrable under the terms of that expired collective bargaining agreement.

2.　The allegations in Paragraph 2 of the Complaint state a legal conclusion to which no response is required.

3.　In response to Paragraph 3 of the Complaint, The Post admits that both parties have their principal offices in this judicial district. The remaining allegations in Paragraph 3 of the Complaint state a legal conclusion to which no response is required.

4.	The Post admits the allegations in Paragraph 4 of the Complaint.

5.	The Post admits the allegations in Paragraph 5 of the Complaint.

6.	In response to Paragraph 6 of the Complaint, The Post admits that the Guild has represented certain Post employees for decades; that the most recent collective bargaining agreement between The Post and the Guild is dated July 13, 2018 through July 12, 2020; that the parties extended the term of the collective bargaining agreement twice, each time by agreeing to a written contract extension; and that a copy of the second of these extensions is attached to the Complaint as Exhibit 1(b).  The Post denies any remaining allegations in Paragraph 6 of the Complaint.

7.	In response to Paragraph 7 of the Complaint, The Post admits that the parties' expired collective bargaining agreement contained provisions governing grievance and arbitration during the term of the Agreement.  The Post states that the terms of those provisions speak for themselves.  The Post denies any remaining allegations in Paragraph 7 of the Complaint.

8.	In response to Paragraph 8 of the Complaint, The Post admits that the parties' expired collective bargaining agreement contains an Article X.  The Post states that the terms of that Article speak for themselves, and denies any remaining allegations in Paragraph 8 of the Complaint.

9.	The Post admits the allegations in Paragraph 9 of the Complaint.

10.	In response to Paragraph 10 of the Complaint, The Post admits that it imposed a five-day disciplinary suspension without pay to Farhi in March 2022; that Plaintiff and Farhi protested that suspension as without just cause; and that Exhibit 2 to the Complaint is a copy of the grievance that Plaintiff submitted.  The Post denies the remaining allegations in Paragraph 10 of the Complaint.

11. In response to Paragraph 11 of the Complaint, The Post admits that Plaintiff and Farhi advanced an internal grievance over Farhi's suspension, without resolution; that Plaintiff purported to invoke arbitration of the dispute on July 15, 2022, after expiration of the parties' collective bargaining agreement; and that Exhibit 3 to the Complaint is an email purporting to do so. The Post denies that Plaintiff has or had any right under Article XXIII of the expired collective bargaining agreement to arbitrate this dispute, and denies any remaining allegations in Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, The Post admits that it, through its counsel, informed Plaintiff's counsel on August 9, 2022, that the Post would not arbitrate the dispute because it is not arbitrable; that the Post cited Article XXIII(6) of the now-expired collective bargaining agreement as the basis for that position; and that Exhibit 4 to the Complaint is an email taking that position. The Post states that Article XXIII(6) of the expired collective bargaining agreement speaks for itself. The Post denies the remaining allegations in Paragraph 12 of the Complaint.

13. The Post denies the allegations in Paragraph 13 of the Complaint.

In response to Plaintiff's prayer for relief, The Post denies that Plaintiff is entitled to any of the relief claimed, or to any relief whatsoever.

Count Two

14. The Post hereby incorporates its responses to Paragraphs 1-13 of the Complaint.

15. The Post admits the allegations in Paragraph 15 of the Complaint.

16. The Post admits the allegations in Paragraph 16 of the Complaint.

17. The Post admits the allegations in Paragraph 17 of the Complaint.

18. The Post admits the allegations in Paragraph 18 of the Complaint.

19. The Post admits the allegations in Paragraph 19 of the Complaint.

20. In response to Paragraph 20 of the Complaint, The Post admits that Plaintiff purported, on August 1, 2022, to submit the dispute concerning Sonmez's termination to arbitration under the parties' expired collective bargaining agreement, and that Exhibit 9 to the Complaint is an email purporting to do so. The Post denies that Plaintiff has or had any right under Article XXIII of the expired collective bargaining agreement to arbitrate this dispute, and denies any remaining allegations in Paragraph 20 of the Complaint.

21. In response to Paragraph 21 of the Complaint, The Post admits that Plaintiff, through counsel, asked to select an arbitrator regarding the Plaintiff's grievance on or about August 2, 2022; that on August 15, 2022, The Post's counsel advised Plaintiff's counsel that The Post would not arbitrate the dispute because it is not arbitrable; that The Post cited Article XXIII(6) of the now-expired collective bargaining agreement as the basis for that position at that time; and that Exhibit 10 to the Complaint is a copy of this email exchange. The Post states that Article XXIII(6) of the expired collective bargaining agreement speaks for itself. The Post denies the remaining allegations in Paragraph 21 of the Complaint.

22. The Post denies the allegations in Paragraph 22 of the Complaint.

In response to Plaintiff's prayer for relief on Count Two, The Post denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

### First Affirmative Defense

Plaintiff's claims fail to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiff's claims fail because the underlying grievance is not substantively arbitrable under the expired collective bargaining agreement.

**Third Affirmative Defense**

The Court lacks jurisdiction under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, because the collective bargaining agreement that Plaintiff seeks to enforce has expired.

**Fourth Affirmative Defense**

The facts do not support an award of attorneys' fees or costs.

The Post reserves the right to amend, or seek leave to amend, its Answer to assert any other defense that may become available or appear as its investigation and discovery of the case proceeds or as justice so requires.

WHEREFORE, The Post respectfully requests that the Court enter judgment in favor of The Post:

(1) dismissing this case with prejudice;

(2) ordering Plaintiff to pay for costs of suit;

(3) ordering Plaintiff to pay for attorneys' fees; and

(4) ordering any other relief that the Court deems just and proper.

Dated:  September 28, 2022

/s/ Jacqueline M. Holmes
Jacqueline Holmes (D.C. Bar 450357)
Yaakov Roth (D.C. Bar 995090)
Madeline Lansky (*pro hac vice* forthcoming)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Phone: (202) 879-3939

*Counsel for Defendant*
*The Washington Post*