UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**WASHINGTON-BALTIMORE NEWS GUILD, LOCAL 32035,**

    Plaintiff,

  and

**THE WASHINGTON POST,**

    Defendant.

Civil Action No. 22-2484 (CKK)

## JOINT MOTION FOR INDICATIVE RULING

Pursuant to Federal Rules of Civil Procedure 60 (b) and 62.1 and the conditional settlement agreement reached by the parties, Plaintiff Washington-Baltimore News Guild, Local 32035 and Defendant The Washington Post jointly request that this Court issue an indicative ruling stating that if this case is remanded by the Court of Appeals, this Court will vacate its July 3, 2023 Order and Memorandum Opinion and dismiss this action.

In *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* 513 U.S. 18 (1994), the Court addressed the role of the district court when asked to vacate an earlier ruling in connection with the parties 'agreement to settle the litigation. The Court noted that a lower court could vacate its prior ruling in "exceptional circumstances," holding that the determination is to be an "equitable one" that includes a consideration of the public interest. 513 U.S. at 29. "[E]ven in the absence of, or before considering the existence of, extraordinary circumstances, a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions that the district court consider the request, which it may do pursuant to Federal

Rule of Civil Procedure 60(b)." *Id.. Accord: Doe v. U.S. Dep't of Labor,* No. Civ. A. 05-2449 (RBW), 2007 WL 1321116 (D.D.C. 2007); *Fund for Animals v. Babbitt,* 967 F. Supp. 6 (D.D.C. 1997); *Kim v. United States,* 903 F. Supp. 1546 (S.D. N.Y. 1995).

As the Court is aware, Plaintiff filed the complaint in this case to compel the Post to arbitrate two pending grievances – a contractual grievance over the Post's termination of one employee and a separate grievance over the Post's suspension of another. While on appeal, the Circuit Court mediation program proposed that the parties explore settlement. With the assistance of the Circuit Court mediator, the parties have voluntarily reached a conditional settlement of the two contractual disputes that precipitated this litigation. This settlement, however, is expressly conditioned on the vacatur of the Opinion and Order issued by this Court. As this Court is aware, this is a purely private dispute between the Post and a labor organization that represents a bargaining unit of certain Post employees. Because the District Court's ruling rests on its reading of the particular language in the parties 'labor agreement, there is, we submit, no public interest in leaving the decision "on the books," a factor that does arise in other cases. Indeed, public policy encourages the settlement of private disputes. The words of the Eleventh Circuit in *Hartford Casualty Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 828 F.3d 1331, 1336 (11th Cir. 2016) are instructive:

> [T]his is an instance where both parties to the settlement desire vacatur because settlement would otherwise be impossible. Taken together, these considerations weigh heavily in favor of vacating the District Court's orders. The parties 'interests are best served through the voluntary disposition of this case, and further proceedings are curtailed, conserving judicial resources. On the other side of the balance is the public interest in preserving a district court ruling on questions of state contract law that has been appealed to this Court. The slight value of preserving that precedent to the public interest generally, however, is outweighed by the direct and substantial benefit of settling this case [to the parties] and to the judicial system (and thus to the public as well).

Here, any public interest in the District Court's decision must be tempered by the fact that the case did not turn on questions of state contract law, as in *Hartford,* but largely on the Court's reading of a portion of the parties 'collective bargaining agreement. This is, to be sure, a private dispute with no public interest in leaving the decision in place.[1] As in *Hartford,* "…the public interest is also served by settlements when previously committed judicial resources are made available to deal with other matters, advancing the efficiency of the federal courts."  828 F3d at 1337.

Further, the settlement, which both the Post and the Guild seek to implement, will conclude the two grievances with finality and preserves the ability of both sides to litigate the contractual issues should they resurface in the future. As the pleadings establish, the contract language at issue in this case has been in the parties 'agreements since 1989 and the instant case is the first time the parties have been confronted with a post-expiration demand to arbitrate a contractual grievance. This settlement, we submit, is an equitable resolution of the litigation. With this agreed-upon settlement in place, the parties can move on having resolved the two underlying grievances.

In conclusion, both the Guild and the Post each represent that they agree it is in their own best interest to have this court vacate its Judgement and Order in this case. Given that the two

---

[1] The only future impact of the court's decision, if left to stand, would be upon the two parties to this case. From the Guild's standpoint, a settlement of these two grievances, but without vacatur of the District Court decision, would not comport with the Guild's broader fiduciary obligation to its membership of over 1,000 Post employees. Accordingly, the Guild would consider itself obliged to pursue its appeal in the present case if the decision is not vacated. From the Post's standpoint, while it believes the District Court's decision is correct on the merits, it also recognizes the value in resolving the two particular grievances at issue for now, rather than continuing to litigate whether they must be arbitrated in the appellate court, particularly because the parties recently signed a new collective bargaining agreement.

grievances underlying this Court's decision will be settled if this Court vacates its ruling, each party asks this Court to do so in order to effectuate the parties 'joint settlement agreement. The words of the court in *Viera v. United States,* 595 F. Supp. 3d 1, 3 (S. D. N.Y. 2022), are instructive:

> Finally, no non-parties would be impacted by vacatur here. The decision of this Court simply resolved a private dispute that the parties now wish to settle to avoid further expenses, burdens and risks of litigation, including completion of an appeal and possible continued litigation if remanded. This too weighs in favor of vacatur. (citations omitted.)

For the foregoing reasons, both parties jointly ask this Court to issue an indicative ruling stating that if the case is remanded by the Court of Appeals, this Court will vacate its Order (EFC 19) and Opinion (EFC 20) of July 3, 2023 and dismiss this action, by consent of the parties, with prejudice.

Dated:  February 2, 2024                                    Respectfully submitted,

| /s/ Robert E. Paul | /s/ Jacqueline M. Holmes |
|---|---|
| Robert Edward Paul | Jacqueline M. Holmes |
| Law Offices of Robert E. Paul, PLLC | Yaakov Roth |
| 1025 Connecticut Avenue NW | Madeline Clark |
| Suite 1000 | JONES DAY |
| Washington, DC 20036 | 51 Louisiana Avenue N.W. |
| Telephone: (202) 857-5000 | Washington, DC 20001 |
| rpaul@robertepaul.com | Telephone: (202) 879-3939 |
|  | jholmes@jonesday.com |
|  | yroth@jonesday.com |
|  | mclark@jonesday.com |

*Counsel for Plaintiff*                                        *Counsel for Defendant*